CARLO HERMANOS *v.* COLBERG Y MARTINEZ.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 25.—Resuelto en Noviembre 16, 1903.

COMPRA-VENTA.—El vendedor no está obligado á entregar la cosa vendida, si el comprador no le ha pagado el precio, ó se encuentra en estado de insolvencia.

RESERVA DE DERECHOS.—Cuando en la demanda no se ha pedido reserva alguna de derechos, huelga y carece de objeto la establecida en la sentencia á favor del demandante.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal de Distrito de Mayagüez entre partes, de la una, la Sociedad Mercantil "Carlo Hermanos" del comercio de aquella plaza, y continuado luego por su quiebra ante la Corte de Distrito de los Estados Unidos, por Don Gerardo Castelló como liquidador judicial de dicha razón mercantil, representado por el Abogado Don Ramón Roura, y de la otra, como demandados, los Sres. Colberg y Martínez del comercio de Cabo Rojo, representados y dirigidos por su Abogado Don José de Diego, en cobro de pesos; autos pendientes ante Nos á virtud del recurso de casación por infracción de ley interpuesto por la representación de la parte demandante contra la sentencia pronunciada por el referido Tribunal de Distrito, que transcrita literalmente dice así:

*Sentencia:* En la Ciudad de Mayagüez, á 12 de Febrero de 1903. Visto este pleito·Civil, en juicio oral y público, entre partes: de la una, los Sres. Carlo Hermanos, del comercio de este domicilio, y luego, por su quiebra, ante la Corte de Distrito de los Estados Unidos, por Don Gerardo Castelló, como liquidador judicial de dicha razón mercantil, representado por el Abogado Don Ramón Roura, y de la otra, como demandados, los Sres. Colberg y Martínez, del domicilio de Cabo Rojo, defendidos por el Abogado Don José de Diego, en cobro de pesos.

*Resultando:* que por documento privado extendido á 1 de Junio de 1901, entre Colberg y Martínez S. en C. y Carlo Hermanos, entregado al Notario Don Mariano Riera Palmer, que lo insertó en la escritura pública No. 673 de su protocolo, con fecha 20 de Septiembre de 1901, los Sres. Colberg y Martínez, arrendatarios de las Salinas denominadas "Candelaria" y "Fra-

CARLO HERMANOS *v.* COLBERG & MARTÍNEZ.

APPEAL from the District Court of Mayagüez.

No. 25.—Decided November 16, 1903.

### STATEMENT OF THE CASE.

"Judgment: In the City of Mayagüez, February twelfth, one thousand nine hundred and three. An oral and public hearing was had in this civil suit, prosecuted by Carlo Hermanos, merchants domiciled in this city, as plaintiffs, and afterwards, on account of their failure, continued in the District Court of the United States by Gerardo Castelló, as judicial liquidator of said firm, represented by attorney Ramón Roura against Colberg & Martinez, as defendants, domiciled in Cabo-Rojo, defended by attorney José de Diego, for the recovery of a sum of money.

By private document executed June 1, 1901, by Colberg & Martinez (Ltd.) and Carlo Hermanos, filed with Notario Mariano Riera Palmer, who inserted it in public document No. 673 of his protocol, under date of September 20, 1901, Colberg & Martinez, lessees of the saltponds called "Candelaria" and "Fraternidad", in Cabo Rojo, sold to Carlo Hermanos six thousand *fanegas* of salt of the stock on hand and to be turned out, in aforesaid ponds, at the price of one dollar U. S. currency, for each *fanega*, the amount thereof to be paid in the following manner: one thousand five hundred dollars, cash down, a promissory note made by Carlo Hermanos,

ternidad", de Cabo Rojo, vendieron á los Sres. Carlo Hermanos seis mil fanegas de sal de la existente y por producir en las referidas fincas, por el precio de un peso moneda americana cada fanega, pagándose el importe en la forma siguiente: mil quinientos pesos de contado, mil pesos en un pagaré suscrito por Carlo Hermanos, á la orden de los vendedores, con vencimiento al 1 de Septiembre de 1901, mil quinientos pesos en otro pagaré para el día 1 de Diciembre del mismo año, mil pesos en otro pagaré, para el día 1 de Marzo de 1902, y el resto de mil pesos en otro pagaré para el día 1 de Junio del propio año 1902, confesando los vendedores el recibo, á su satisfacción, del efectivo y del documento.

*Resultando:* que en ese contrato privado, insertado en la escritura aludida, se fijó la duración de un año, que empezaba desde su fecha, y terminaba el día 1 de Junio de 1902, obligándose durante ese período los Sres. Colberg y Martínez á no vender sal de las Salinas arrendadas á ninguna otra persona ni sociedad de esta plaza, á fin de que la realización resultase exclusivamente para los compradores: y si al terminar los doce meses quedase á éstos alguna cantidad de sal por retirar de las Salinas, se les concederían dos meses más de prórroga para disponer de ellas, obligándose ambas partes á responder mútuamente de los perjuicios que pudieran ocasionarse por incumplimiento á las cláusulas del contrato.

*Resultando:* que previa la demanda de conciliación, y fundado en lo expuesto, y con cita de los artículos 1091, 1096, 1100, 1101, 1106, 1254, 1255, 1256, 1278, 1281, 1445 y 1461 del Código Civil antiguo, y la Regla 63 de la Orden General de 10 de Agosto de 1899, solicitó la representación de Carlo Hermanos se condenase á Colberg y Martínez á que dentro de tercero día entregasen cuatro mil quinientas ocho fanegas de sal, que con las mil cuatrocientas noventa y dos recibidas, completan las seis mil fanegas vendidas á Carlo Hermanos, ó en otro caso, á que devuelvan en igual término los cuatro mil quinientos ocho dollars correspondientes á igual número de fanegas de sal dejadas de entregar, así como al pago de la suma de dos mil dollars á que ascienden los daños y perjuicios irrogados á los demandantes. por incumplimiento del contrato de compra-venta, con expresa imposición de costas á los demandados.

*Resultando:* que los Sres. Colberg y Martínez se opusieron á la demanda, exponiendo que los Sres. Carlo Hermanos no satisficieron á sus respectivos vencimientos los pagarés que constituían la parte aplazada del precio de la venta, permaneciendo insoluto, entre esos pagarés, el vencido por la cantidad de mil quinientos pesos el día 1 de Junio último, documento endosado por Colberg y Martínez á la orden del Banco Territorial y Agrícola, que se ha visto obligado á promover contra los deudores diligencias de reconocimiento de firma, preparatorias de la acción ejecutiva: que al vencer el término de la escritura, Colberg y Martínez retuvieron la cantidad de sal no entregada

for one thousand dollars, payable to the order of the vendors and maturing on September 1, 1901, one thousand five hundred dollars in another note due December 1, 1901, one thousand dollars in another note for March 1, 1902, and the balance of one thousand dollars in another note payable June 1, 1902, the vendors acknowledging receipt to their satisfaction of the money and the notes.

In said private contract, inserted in the deed referred to, its duration was fixed for one year from the date thereof to June 1, 1902, Colberg & Martinez agreeing not to sell salt from the leased ponds to any other person or firm in the market during said period so that the whole output should be exclusively for the vendees; and if at the expiration of the twelve months, there remained in the ponds any quantity of salt to be withdrawn, belonging to the latter, an extension of two months should be allowed them to dispose of the same, both parties binding themselves to make good to each other such damages as might result from non-fulfillment of the contract.

After an attempt at conciliation, Carlo Hermanos brought an action in the District Court of Mayagüez, based upon the facts as stated above and citing articles 1091, 1096, 1100, 1101, 1106, 1254, 1255, 1256, 1278, 1281, 1445 and 1461 of the old Civil Code, and Rule 63 of General Order of August 10, 1899, praying that Colberg & Martinez be adjudged to deliver to them within three days, four thousand five hundred and eight *fanegas* of salt, which, with the fourteen hundred and ninety-two received, completed the six thousand *fanegas* sold to Carlo Hermanos, or otherwise to return within the same period, four thousand five hundred and eight dollars corresponding to the number of *fanegas* they had failed to deliver, and also to pay two thousand dollars for damages caused to plaintiffs through their non-compliance with the terms of the contract of purchase and sale, and that the costs be expressly taxed against defendants.

The complaint was answered by Colberg & Martinez, who alleged that Carlo Hermanos had not taken up, as they fell due, the notes representing that portion of the price which was payable in installments, there remaining unpaid, among other notes, one for fifteen hundred dollars, matured June 1, 1902, which document having been endorsed by Colberg & Martinez to the order of the "Banco Territorial y Agrícola", the latter had been obliged to institute proceedings against the debtors, for identification of signature, preparatory to the executory action; that upon the expiration of the period fixed in the contract Colberg & Martinez had retained the quantity of salt that had not been delivered, because Carlo Hermanos had failed to take up the notes, and because the defendants could make use of the additional two months agreed in the contract, which did not expire until August 1, Carlo Hermanos having hastened to bring their action on July 24; that nothwithstanding their right to retain all the salt, they sent some of it in July to

porque Carlo Hermanos no satisficieron los pagarés, y porque los demandados podían utilizar la prórroga de dos meses convenida en la escritura y ella no vencía hasta el 1 de Agosto, precipitándose Carlo Hermanos, en 24 de Julio, á deducir su demanda: que no obstante su derecho á retener Colberg y Martínez toda la sal, enviaron alguna cantidad de ella en el mes de Julio á Carlo Hermanos que no quisieron recibir: que Colberg y Martínez tenían que retener sal para garantizar el precio de la venta y que no se habían ocasionado ningunos daños y perjuicios á Carlo Hermanos, y alegando como puntos de derecho los que comprenden los artículos 1466 1 67, 1170 y 1127 del Código Civil, así como el 467 y 532 del Código de Comercio, terminó pidiendo que se declarase sin lugar la demanda, absolviendo á los demandados con expresa condenación de costas á los actores.

*Resultando:* que señalado día para proponer prueba se admitió por el Tribunal la que indicaron las partes.

*Resultando:* que por escritura de 5 de Septiembre de 1902, Don José Carmelo Carlo, á nombre de Carlo Hermanos, declaró que, entre los acreedores que recordaba, estaban los Sres. Colberg y Martínez por mil dollars, según pagaré endosado al Banco Agrícola, cuyo documento estaba ventilándose ante esta Corte de Distrito.

*Resultando:* que la representación de Colberg y Martínez solicitó que se trajera á estos autos constancia de que se había paralizado el pleito seguido por el Banco Territorial y Agrícola contra Carlo Hermanos, en virtud de haber sido declarados éstos en estado de quiebra y de orden de la Corte de Distrito de los Estados Unidos, á cuyo solicitud se adhirió el Abogado del liquidador de Carlo Hermanos, por lo cual se hizo constar en el acto del juicio oral.

*Resultando:* que en este juicio se han observado todas las prescripciones legales, y recayó sentencia por unanimidad.   Visto: siendo Instructor el Sr. Presidente Don Arturo Aponte y Rodríguez.

*Considerando:* que vendida la sal por Colberg y Martínez á Carlo Hermanos, y no habiendo satisfecho estos últimos todo el precio convenido, no están obligados los demandados á entregar la cosa vendida, ya porque no se pagó su precio, ya porque los compradores Carlo Hermanos se encuentran en estado de insolvencia, que es á lo que equivale su quiebra ante la Corte de Distrito de los Estados Unidos.

*Considerando:* que no habiéndose justificado por parte de Carlo Hermanos la tradición del precio de la sal comprada por ellos, no puede tampoco aceptarse que los Sres. Colberg y Martínez entreguen cosa que no se les ha pagado ni que devuelvan lo que no han recibido, ni menos que indemnicen unos perjuicios cuya existencia no se ha comprobado legalmente.

*Considerando:* que aun cuando Carlo Hermanos no han satisfecho todo el precio en que compraron la sal, parece natural y lógico que han de ser rein-

Carlo Hermanos, which the latter refused to receive; that Colberg & Martinez had to hold back some salt to secure the price of the sale and no damage had been caused to Carlo Hermanos thereby.   And citing as legal authority the provisions of articles 1466, 1467, 1170 and 1127 of the Civil Code, as also articles 467 and 532 of the Code of Commerce, they prayed that the complaint be dismissed and the defendants absolved, and that costs be expressly taxed against the plaintiffs.

A day having been set for the proposal of evidence, the court admitted such as was proposed by the parties.

By a writing dated September 5, 1902, José Carmelo Carlo, on behalf of Carlo Hermanos, deposed that among the debtors which he remembered there appeared Colberg & Martinez for one thousand dollars, the amount of a note endorsed to the "Banco Territorial y Agrícola," which document was before the District Court.

Counsel for Colberg & Martinez asked that evidence be introduced to show that the action instituted by the "Banco Territorial y Agrícola" against Carlo Hermanos had abated owing to the latter having been declared in bankruptcy, by order of the District Court of the United States, which request was acquiesced in by counsel for the liquidator of Carlo Hermanos, for which reason said evidence was attached to the record in the case.

At the hearing in this case all the legal requirements have been observed. Presiding Judge Arturo Aponte y Rodríguez prepared the opinion of the court, which was unanimously approved:

"The salt having been sold by Colberg & Martinez to Carlo Hermanos, and the latter having failed to pay in full the price agreed, the defendants are not obliged to deliver the property sold, either because the price thereof has not been paid, or because the vendees, Carlo Hermanos, have been declared insolvent, for such is the meaning of their bankruptcy before the District Court of the United States.

Carlo Hermanos having failed to prove the delivery of the price of the salt purchased by them, it cannot be admitted that Colberg & Martinez should deliver a thing which has not been paid for, or return what they have not received, and much less that they should indemnify any one for damages the existence whereof has not been legally proven.

Although Carlo Hermanos have not paid the full value of the salt purchased by them, it seems natural and logical that they should be entitled to the delivery of the quantity of the salt purchased or the return of the money for the undelivered portion thereof.

In view of articles 1466 and 1467 of the old Civil Code, corresponding to articles 1369 and 1370 of the Civil Code now in force, and rule 63 of General Order No. 118, series of 1899, we adjudge that we should dismiss the complaint herein, and accordingly Colberg & Martinez are absolved therefrom

tegrados ó de la cantidad de sal á que ascendió dicho precio, ó devorvérseles éste si no se les entrega lo vendido.

*Vistos* los artículos 1466 y 1467 del Código Civil antíguo, iguales al 1369 y 1370 del vigente y el artículo 63 de la Orden General No. 118, Serie de 1899. Fallamos que debemos declarar y declaramos sin lugar la demanda, y en su consecuencia absolvemos de ella á Colberg y Martínez, con las costas á la parte actora, á quien se le reserva sus derechos para que los ejercite en la vía y forma procedentes, contra quien viere convenirle.

Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.— Arturo Aponte.—J. A. Erwin.—Luis Méndez Vaz".

*Resultando:* que contra esta sentencia interpuso la representación del demandante recurso de casación por infracción de ley que le fué admitido, y elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y comparecida la apelante, se dió al recurso la tramitación establecida por la Ley de la Asamblea Legislativa de esta Isla, de 12 de Marzo de 1903, convirtiendo á esta Corte Suprema en Tribunal de Apelación y señalándose día para la vista, á cuyo acto sólo concurrió el abogado defensor de la parte apelante.

Abogado del apelante: *Sr. Falcón.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada y los de derecho, á excepción del último.

*Considerando* que no habiéndose pedido en la demanda por la representación de "Carlo Hermanos" reserva alguna de derecho, huelga y carece de objeto la que á su favor se establece en la sentencia apelada.

*Fallamos* que debemos confirmar y confirmamos la expresada sentencia en cuanto por ella se declara sin lugar la demanda, y se absuelve de ella á Colberg y Martínez, con las costas de ambas instancias á cargo de la parte apelante.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac Leary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.